IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| **JOSHUA ISAACS**, on behalf of himself and others similarly situated, | : |
| | : |
| Plaintiff, | : CASE NO. |
| | : |
| | : JUDGE |
| v. | : |
| | : MAGISTRATE JUDGE |
| **LANDMARK RECOVERY OF LOUISVILLE, LLC** | : |
| | : **JURY DEMANDED** |
| | : |
| Defendant. | : |

## COLLECTIVE AND CLASS ACTION COMPLAINT

Named Plaintiff Joshua Isaacs ("Named Plaintiff"), individually and on behalf of others similarly situated, files his Collective and Class Action Complaint against Defendant Landmark Recovery of Louisville, LLC ("Defendant") for their collective failure to pay employees overtime wages, seeking all available relief under the Fair Labor Standards Act of 1938 ("FLSA"), and the Kentucky Wages and Hours Act ("KWHA"), KRS 337.010, *et seq*. The FLSA claim is brought as a collective action pursuant to 29 U.S.C. § 216(b). The KWHA claims are brought as a class action pursuant to Federal Rule of Civil Procedure 23. The following allegations are based on personal knowledge as to Named Plaintiff's own conduct and are made on information and belief as to the acts of others. Named Plaintiff, individually and on behalf of others similarly situated, hereby states as follows:

### I. JURISDICTION AND VENUE

1. This action is brought pursuant to the FLSA, the KWHA, and 28 U.S.C. § 1331.

2. This Court's jurisdiction in this matter is also predicated upon 28 U.S.C. § 1367, as this Complaint raises additional claims pursuant to the laws of Kentucky over which this Court

maintains supplemental subject matter jurisdiction because they form a part of the same case or controversy.

3. Venue is proper in this forum pursuant to 28 U.S.C. § 1391 because a substantial part of the events, acts, or omissions giving rise to the claim occurred in the Middle District of Tennessee, Defendant conducts substantial business in the Middle District of Tennessee, and Defendant is subject to personal jurisdiction here because Defendant's principal place of business is in the Middle District of Tennessee.

## II. PARTIES

### A. Named Plaintiff

4. Named Plaintiff is an individual, a United States citizen, and a resident of the State of Kentucky.

5. Named Plaintiff was employed by Defendant from approximately May 2021 until approximately December 2021.

6. Named Plaintiff was employed as an hourly, non-exempt direct care employee of Defendant as defined in the FLSA and the KWHA. Specifically, Named Plaintiff was employed by Defendant as an hourly Patient Engagement Specialist at its Praxis of Louisville by Landmark Recovery location in Louisville, Kentucky. During his employment, Named Plaintiff worked forty (40) or more hours in one or more workweek(s).

7. During Named Plaintiff's employment with Defendant, Defendant required a daily unpaid thirty (30) minute meal break deduction from Named Plaintiff's and similarly situated direct care employees' hours worked. However, Named Plaintiff and similarly situated employees often were unable to take a full 30-minute meal break or had their meal breaks interrupted or otherwise shortened by having to perform substantive work duties. This unlawful meal break

deduction policy and/or practice resulted in Named Plaintiff and other similarly situated employees not being fully and properly paid for all of their hours worked in violation of the FLSA and KWHA.

8. Named Plaintiff brings this action on behalf of himself and other similarly situated employees, and he has given his written consent to bring this action to collect unpaid overtime compensation under the FLSA. Named Plaintiff's Consent to Join form is filed herewith, pursuant to 29 U.S.C. § 216(b), and attached as **Exhibit A.**

9. Named Plaintiff also files completed Consent to Join forms for James Black, Keyna Salley, Reginald Martin, Molly Hoffman, Jodi Rudio, Madeleine McNair, Cherry Collins, Ashley Lattis, Jay Austin, Stephanie Miller, Jeffrey Richmond, Donna Gray, and Daijah Williams ("Current Opt-In Plaintiffs"). **Exhibit B**. The Current Opt-In Plaintiffs are similarly situated employees who worked at various facilities owned and operated by Defendant.

**B. Defendant**

10. Landmark Recovery of Louisville, LLC is a foreign limited liability company that operates and conducts substantial business activities in Tennessee, including in the Middle District of Tennessee.

11. Defendant currently owns, operates, and manages a collection of addiction treatment centers throughout the United States.[1]

12. Defendant has registered numerous other entities to manage and operate its business activities, and all of these entities maintain interrelated operations, centralized control of labor relations, common management and common ownership, and financial control. Defendant is a

---

[1] Defendant's locations are in the following states: Colorado, Connecticut, Florida, Indiana, Kentucky, Massachusetts, Michigan, Nevada, Ohio, Oklahoma, Pennsylvania, South Carolina, Tennessee, Virginia, and Wisconsin. *See* LANDMARK RECOVERY, https://landmarkrecovery.com/locations/ (last visited Mar. 8, 2023).

joint employer with and/or a single integrated enterprise of employees working at the various registered entities.

13. Specifically, Defendant serves as the "parent" entity for numerous other LLCs across the country, directing, managing, and controlling their business activities.

14. Upon information and belief, Defendant's corporate address is located at 720 Cool Springs Blvd., Suite 500, Franklin, TN 37067.

15. Paystubs from Defendant's registered entities across the country list Defendant's same corporate address in Franklin TN rather than the individual location addresses. Although Named Plaintiff, Current Opt-In Plaintiffs, and similarly situated employees are paid by one of Defendant's entities, Defendant is their "employer" because it is the parent company that operates the single integrated enterprise or otherwise functions as a joint employer.

16. Defendant frequently promotes itself as running, operating, and managing its various registered entities across the country.[2]

17. Defendant employed Named Plaintiff and other similarly situated direct care employees at its facilities; specifically, Defendant employed Named Plaintiff at its Praxis of Louisville by Landmark Recovery location in Louisville, Kentucky. Defendant employed the Current Opt-In Plaintiffs at various other facilities in Oklahoma City, Oklahoma, Bluffton,

---

[2] *See, e.g.*, Lindsey Tipton, *Governor Lee, Commissioner McWhorter Announce Landmark Recovery to Expand Headquarters Operations In Williamson County*, TENNESSEE DEP'T OF ECONOMIC & COMMUNITY DEVELOPMENT (Oct.. 31, 2022), https://tnecd.com/news/governor-lee-commissioner-mcwhorter-announce-landmark-recovery-to-expand-headquarters-operations-in-williamson-county/ ("Landmark works… to serve and oversee treatment facilities in Kentucky, Indiana, Nevada, Ohio, Oklahoma, and Tennessee"; Chassity Weakley, *9 Reasons to Work at Landmark Recovery*, LANDMARK RECOVERY (Aug. 24, 2022), https://landmarkrecovery.com/9-compelling-reasons-to-work-for-landmark-recovery/ ("We are a rapidly gowing company that is adding passionate… employees to its numbers daily – and will continue to do so – as it expands nationwide in 2023"); Laura Lovett, *Landmark CEO's Ambitious Plans to Grow to 40 Facilities by 2023*, BEHAVIORAL HEALTH BUSINESS (July 14, 2022), https://bhbusiness.com/2022/07/14/landmark-ceos-ambitious-plans-to-grow-to-40-facilities-by-2023/ (Wherein Defendants' CEO Matthew Boyle notes the **company** plans to have 40 facilities by the end of 2023).

Indiana, Indianapolis, Indiana, Carmel, Indiana, and Las Vegas, Nevada.

18. Defendant has authority to and does hire and fire employees, supervise and control the work schedules and conditions of employees, determines the rate and method of pay, and/or maintains employee records.

19. Defendant has registered multiple business entities as part of its enterprise.

20. At all relevant times, Defendant has determined those matters governing the essential terms and conditions of employment for Named Plaintiff, the Current Opt-In Plaintiffs, and other similarly situated direct care employees at Defendant's facilities.

21. At all relevant times, Defendant has had direct or indirect control and authority over Named Plaintiff's, the Current Opt-In Plaintiffs', and other similarly situated direct care employees' working conditions. At all relevant times, Defendant exercised that authority and control over Named Plaintiff, the Current Opt-In Plaintiffs, and other similarly situated direct care employees.

22. Defendant suffered or permitted Named Plaintiff, the Current Opt-In Plaintiffs, and other similarly situated direct care employees to perform work that resulted in missed and/or interrupted meal breaks even though it still deducted such time from employees' work hours.

23. Upon information and belief, Defendant's primary function is to own and operate a single group of addiction treatment centers.

24. Defendant has substantial control over Named Plaintiff's, the Current Opt-In Plaintiffs', and other similarly situated direct care employees' working conditions and over the unlawful policies and practices alleged herein.

25. Upon information and belief, Defendant applied or caused to be applied substantially the same employment policies, practices, and procedures to all direct care employees

at all of Defendant's locations, including policies, practices, and procedures relating to the payment and calculation of wages as well as overtime, meal break deductions, and timekeeping.

26. Defendant is an "employer" as a single integrated enterprise and/or joint employer of Named Plaintiff, Current Opt-In Plaintiffs, and other similarly situated direct care employees because it operates a chain of communities and interrelated operations, centralized control of labor relations, common management, and common ownership and financial control.

27. Because the work performed by Named Plaintiff, Current Opt-In Plaintiffs, and other similarly situated direct care employees benefited Defendant and directly or indirectly furthered its interests, Defendant (in tandem with the specific, respective care facility at which the employee works/worked) is a joint employer of Named Plaintiff, Current Opt-In Plaintiffs, and other similarly situated direct care employees under the FLSA's broad definition of "employer."

28. Defendant has gross revenue that exceeds $500,000.00 per year.

29. At all relevant times, Defendant suffered or permitted Named Plaintiff, Current Opt-In Plaintiffs, and other similarly situated direct care employees to perform work that resulted in missed and/or interrupted meal breaks even though it still deducted such time from these employees' work hours. The work that Named Plaintiff, Current Opt-In Plaintiffs, and other similarly situated direct care employees performed was for Defendant's benefit.

30. At all times relevant hereto, Defendant was fully aware of the fact that it was legally required to comply with the wage and overtime laws of the United States and of the Commonwealth of Kentucky.

### III. FACTS

31. During all times relevant, Named Plaintiff, Current Opt-In Plaintiffs, and Defendant's other similarly situated direct care employees were/are hourly, non-exempt direct care

employees who were/are entitled to overtime.

32. Named Plaintiff, Current Opt-In Plaintiffs, and Defendant's other similarly situated direct care employees worked more than forty (40) hours in one or more workweek(s).

33. During their employment with Defendant, Named Plaintiff, Current Opt-In Plaintiffs, and Defendant's other similarly situated direct care employees were not fully and properly paid for all overtime wages because Defendant required a 30-minute meal break to be deducted from their compensable hours worked even when Named Plaintiff, Current Opt-In Plaintiffs, and Defendant's other similarly situated direct care employees were unable to take a full, uninterrupted bona fide meal break of thirty (30) minutes.

34. Although Defendant required the deduction of a daily 30-minute meal break, Named Plaintiff, Current Opt-In Plaintiffs, and Defendant's other similarly situated direct care employees were often unable to take a full, uninterrupted bona fide meal break of thirty (30) minutes or otherwise took a shortened meal break because their break was interrupted with substantive job duties.

35. Defendant's facilities were regularly understaffed, and Named Plaintiff, Current Opt-In Plaintiffs, and Defendant's other similarly situated direct care employees were often too busy with work to take a full, uninterrupted 30-minute meal break.

36. Consequently, a daily 30-minute meal break was deducted from hourly direct care employees' hours worked regardless of whether Named Plaintiff, Current Opt-In Plaintiffs, and Defendant's other similarly situated direct care employees received a full, uninterrupted 30-minute bona fide meal break.

37. As a result of Defendant's companywide policy and/or practice requiring a 30-minute meal break deduction from its hourly, non-exempt direct care employees' compensable

hours worked for meal breaks that were not taken at all or that were interrupted by substantive job duties, Defendant had actual or constructive knowledge that it was not compensating Named Plaintiff, Current Opt-In Plaintiffs, and Defendant's other similarly situated direct care employees for all hours worked.

38. Named Plaintiff, Current Opt-In Plaintiffs, and Defendant's other similarly situated direct care employees regularly worked more than forty (40) hours per week, or they would have worked more than forty (40) hours per week if their hours were not reduced by the meal break deduction, but they were not paid one-and-one-half times (1.5x) their regular rates of pay for all of hours worked over forty (40) as a result of Defendant's daily deduction of thirty (30) minutes for meal breaks that were not taken or that were otherwise interrupted by work.

39. Defendant's failure to compensate Named Plaintiff, Current Opt-In Plaintiffs, and Defendant's other similarly situated direct care employees, as set forth above, resulted in unpaid overtime.

40. At all times relevant herein, Named Plaintiff, Current Opt-In Plaintiffs, and Defendant's other similarly situated direct care employees were "employees" as defined in the FLSA and the KWHA.

41. Defendant is and has been an "employer" as that term is defined by the FLSA and the KWHA.

42. During their employment with Defendant, Named Plaintiff, Current Opt-In Plaintiffs, and Defendant's other similarly situated direct care employees regularly performed overtime work without compensation.

43. During relevant times, Defendant suffered or permitted Named Plaintiff, Current Opt-In Plaintiffs, and Defendant's other similarly situated direct care employees to work more

Page **8** of **16**

Case 3:23-cv-00210   Document 1   Filed 03/09/23   Page 8 of 16 PageID #: 8

than forty (40) hours per workweek while not compensating them for all such hours worked over forty (40) at a rate of at least one-and-one-half times (1.5x) their regular rates of pay as a result of Defendant's companywide policies and/or practices described above that affected Named Plaintiff, Current Opt-In Plaintiffs, and Defendant's other similarly situated direct care employees.

44. During relevant times, Defendant had knowledge of and acted willfully regarding its conduct described herein. Defendant knew Named Plaintiff, Current Opt-In Plaintiffs, and Defendant's other similarly situated direct care employees worked overtime without compensation for all overtime hours worked.

45. Defendant is in possession and control of necessary documents and information from which Named Plaintiff would be able to calculate damages and/or it otherwise failed to keep such records.

## IV. FLSA COLLECTIVE ALLEGATIONS

46. Named Plaintiff brings his FLSA overtime claims pursuant to 29 U.S.C. § 216(b) as a representative action on behalf of himself, the Current Opt-In Plaintiffs, and all other similarly situated direct care employees of the opt-in collective. The FLSA collective consists of the following:

> **All current and former hourly, non-exempt direct care employees[3] of Defendant outside Ohio who were paid for at least forty (40) hours of work in any workweek that they had a meal break deduction applied to their hours worked beginning three years preceding the filing of this Complaint and continuing through the final disposition of this case (hereinafter the "FLSA Collective" or "FLSA Collective Members").**

---

[3] "Direct care employees" includes all hourly direct care employees, including but not limited to Patient Engagement Specialists, Licensed Practical Nurses, therapists, therapist assistants, medical assistants, and aides.

Page **9** of **16**

Case 3:23-cv-00210    Document 1    Filed 03/09/23    Page 9 of 16 PageID #: 9

47. This FLSA claim is brought as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b) as to claims for overtime compensation withheld in violation of the FLSA, liquidated damages, and attorneys' fees. Named Plaintiff, the Current Opt-In Plaintiffs, and the putative FLSA Collective Members are similarly situated under the FLSA because they were subjected to the companywide unlawful payroll policies and/or practices described herein.

## V.     RULE 23 CLASS ALLEGATIONS

48. Named Plaintiff brings his KWHA claims pursuant to Rule 23 as a class action on behalf of himself and all other members of the following class:

> **All current and former hourly, non-exempt direct care employees[4] of Defendant in Kentucky who were paid for at least forty (40) hours of work in any workweek that they had a meal break deduction applied to their hours worked beginning five (5) years prior to the filing date of this Complaint and continuing through the final disposition of this case (hereinafter the "Kentucky Rule 23 Class" or "Kentucky Rule 23 Class Members").**

49. During relevant times, Named Plaintiff and those Kentucky Rule 23 Class Members[5] worked at least forty (40) hours per workweek, but they were not correctly compensated overtime wages for all hours worked in excess of forty (40) because of Defendant's policies and/or practices described herein.

50. The Kentucky Rule 23 Class, as defined above, is so numerous that joinder of all members is impracticable. Named Plaintiff estimates that there are likely hundreds of putative Kentucky Rule 23 Class Members.

51. Named Plaintiff is a member of the Kentucky Rule 23 Class, and his claims for

---

[4] Again, "direct care employees" includes all hourly direct care employees, including but not limited to Patient Engagement Specialists, Licensed Practical Nurses, therapists, therapist assistants, medical assistants, and aides.
[5] Opt-In Plaintiff Ashley Lattis is also a member of the Kentucky Rule 23 Class. The allegations related to Named Plaintiff and the Kentucky Rule 23 Class Members apply equally to her.

unpaid wages are typical of the claims of other members of the Kentucky Rule 23 Class. The Kentucky Rule 23 Class Members' claims do not arise from circumstances specific to the Named Plaintiffs but from the common policies and practices described herein that apply to all class members.

52. Named Plaintiff will fairly and adequately represent the Kentucky Rule 23 Class and the interests of all members of the Kentucky Rule 23 Class.

53. Named Plaintiff has no interest that is antagonistic to or in conflict with those interests of the Kentucky Rule 23 Class that he has undertaken to represent.

54. Named Plaintiff has retained competent and experienced class action counsel who can ably represent the interests of the entire Kentucky Rule 23 Class.

55. Questions of law and fact are common to the Kentucky Rule 23 Class.

56. Class certification is appropriate under Rule 23(b)(3) because the questions of law and fact common to the Kentucky Rule 23 Class predominate over questions affecting individual members of the Kentucky Rule 23 Class and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation.

57. Questions of law and fact that are common to the Kentucky Rule 23 Class include but are not limited to: (a) whether Defendant violated the KWHA by failing to pay the Kentucky Rule 23 Class for hours worked in excess of forty (40) per workweek because of Defendant's pay policies and practices described herein; (b) whether Defendant's violations of the KWHA were knowing and willful; (c) what amount of unpaid and/or withheld overtime compensation is due to Named Plaintiff and other members of the Kentucky Rule 23 Class on account of Defendant's violations of the KWHA; and (d) what amount of prejudgment interest is due to the Kentucky Rule 23 Class members for unpaid overtime or other compensation that was withheld or otherwise not

paid to them.

58. A class action is superior to individual actions for the fair and efficient adjudication of Named Plaintiff's and the Kentucky Rule 23 Class's claims and will prevent undue financial, administrative, and procedural burdens on the parties and the Court. Named Plaintiff and counsel are not aware of any pending litigation on behalf of the Kentucky Rule 23 Class, as defined herein, or on behalf of any individual alleging a similar claim. Because the damages sustained by individual members are modest compared to the costs of individual litigation, it would be impractical for class members to pursue individual litigation against Defendant to vindicate their rights. Certification of this case as a class action will enable the issues to be adjudicated for all class members with the efficiencies of class litigation.

## VI. CAUSES OF ACTION

### COUNT I:
### FLSA – COLLECTIVE ACTION FOR UNPAID OVERTIME

59. All of the preceding paragraphs are realleged as if fully rewritten herein.

60. This claim is brought as part of a collective action by Named Plaintiff on behalf of himself, Current Opt-In Plaintiffs, and the FLSA Collective.

61. The FLSA requires that employees receive overtime compensation for hours worked in excess of forty (40) per workweek. 29 U.S.C. § 207(a)(1).

62. During the three (3) years preceding the filing of this Complaint, Defendant employed Named Plaintiff, Current Opt-In Plaintiffs, and the FLSA Collective as a single integrated enterprise or joint employer.

63. Named Plaintiff, Current Opt-In Plaintiffs, and the FLSA Collective Members regularly worked in excess of forty (40) hours in workweeks.

64. Defendant violated the FLSA with respect to Named Plaintiff, Current Opt-In Plaintiffs, and the FLSA Collective by failing to compensate them at one-and-one-half times (1.5x) their regular rates of pay for all hours worked over forty (40) hours in a workweek because of Defendant's policies and/or practices described herein.

65. Defendant also violated the FLSA by failing to maintain and preserve payroll or other records containing, among other things, the hours worked each workday and the total hours worked each workweek. *See* 29 C.F.R. §§ 516.2, *et seq*.

66. Named Plaintiff, Current Opt-In Plaintiffs, and the FLSA Collective Members were not exempt from receiving FLSA overtime benefits.

67. Defendant knew or should have known of the overtime payment requirements of the FLSA. Despite such knowledge, Defendant willfully withheld and failed to pay the overtime compensation to which Named Plaintiff, Current Opt-In Plaintiffs, and the FLSA Collective Members are entitled.

68. The exact total amount of compensation, including overtime compensation, that Defendant has failed to pay Named Plaintiff, Current Opt-In Plaintiffs, and the FLSA Collective Members is unknown at this time, as many of the records necessary to make such precise calculations are in the possession of Defendant or were not kept by Defendant.

69. As a direct and proximate result of Defendant's conduct, Named Plaintiff, Current Opt-In Plaintiffs, and the FLSA Collective Members have suffered and continue to suffer damages. Named Plaintiff seeks unpaid overtime and other compensation, liquidated damages, interest and attorneys' fees, and all other remedies available on behalf of himself, Current Opt-In Plaintiffs, and the FLSA Collective Members.

## COUNT II:

Page **13** of **16**

Case 3:23-cv-00210     Document 1     Filed 03/09/23     Page 13 of 16 PageID #: 13

### K.R.S. § 337.285 – RULE 23 CLASS ACTION FOR KWHA VIOLATION

70. All of the preceding paragraphs are realleged as if fully rewritten herein.

71. Named Plaintiff, Opt-In Plaintiff Ashley Lattis, and the Kentucky Rule 23 Class Members were employed by Defendant.

72. During all relevant times, Defendant was an entity covered by the KWHA, and Named Plaintiff, Opt-In Plaintiff Ashley Lattis, and the Kentucky Rule 23 Class Members have been employed by Defendant within the meaning of the KWHA.

73. The KWHA requires that covered employees receive overtime compensation "not less than one and one-half times" their regular rate of pay for hours over 40 in a workweek. KRS 337.285.

74. By failing to pay Named Plaintiff, Opt-In Plaintiff Ashley Lattis, and the Kentucky Rule 23 Class Members all overtime wages due to them, Defendant violated the KWHA.

75. In violating the KWHA, Defendant acted willfully, without a good faith basis, and with reckless disregard of clearly applicable Kentucky law.

76. As a result of Defendant's willful violation, Named Plaintiff, Opt-In Plaintiff Ashley Lattis, and the Kentucky Rule 23 Class Members are entitled to unpaid wages and liquidated damages.

### VII. PRAYER FOR RELIEF

**WHEREFORE**, as to Counts I and II, Named Plaintiff requests judgment against Defendant and for an Order:

A. Certifying the proposed FLSA collective action;

B. Directing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to the FLSA Collective, apprising them of the pendency of this action and permitting them to timely assert their

rights under the FLSA and pursuant to 29 U.S.C. § 216(b);

  C. Certifying the proposed Kentucky Rule 23 Class under the KWHA;

  D. Finding that Defendant failed to keep accurate records and that, as a result, Named Plaintiff, Current Opt-In Plaintiffs, the FLSA Collective, and the Kentucky Rule 23 Class are entitled to prove their hours worked with reasonable estimates;

  E. Awarding to Named Plaintiff, Current Opt-In Plaintiffs, and the FLSA Collective Members unpaid overtime wages to be determined at trial together with any liquidated damages allowed by the FLSA;

  F. Awarding to Named Plaintiff, Opt-In Plaintiff Ashley Lattis, and the Kentucky Rule 23 Class unpaid overtime wages to be determined at trial together with any liquidated damages allowed by the KWHA;

  G. Awarding to Named Plaintiff, Current Opt-In Plaintiffs, the FLSA Collective Members, and the Kentucky Rule 23 Class costs, disbursements, and reasonable allowances for fees of counsel and experts as well as reimbursement of expenses;

  H. Awarding to Named Plaintiff, Current Opt-In Plaintiffs, the FLSA Collective Members, and the Kentucky Rule 23 Class pre- and post-judgment interest to the fullest extent permitted under the law;

  I. Awarding to Named Plaintiff, Current Opt-In Plaintiffs, the FLSA Collective Members, and the Kentucky Rule 23 Class such other and further relief as the Court deems just and proper;

  J. Granting Named Plaintiff leave to amend to file additional claims for relief or different causes of action should information become available through investigation and discovery; and

K. Rendering a judgment against Defendant for all damages, relief, or any other recovery whatsoever.

## VIII. JURY DEMAND

Named Plaintiff demands a jury as to all claims so triable.

Respectfully submitted,

/s/ David W. Garrison
**BARRETT JOHNSTON MARTIN & GARRISON, PLLC**
David W. Garrison (TN Bar No. 24968)
Joshua A. Frank (TN Bar No. 33294)
Nicole A. Chanin (TN Bar No. 40239)
Philips Plaza
414 Union Street, Suite 900
Nashville, TN 37219
Phone: 615-244-2202
Fax: 615-252-3798
Email: dgarrison@barrettjohnston.com
       jfrank@barrettjohnston.com
       nchanin@barrettjohnston.com

**COFFMAN LEGAL, LLC**
Matthew J.P. Coffman (OH Bar No. 0085586)*[6]
Kelsie N. Hendren (OH Bar No. 100041)*
Tristan T. Akers (OH Bar No. 0102298)*
1550 Old Henderson Rd
Suite #126
Columbus, Ohio 43220
Phone: 614-949-1181
Fax: 614-386-9964
Email: mcoffman@mcoffmanlegal.com
      khendren@mcoffmanlegal.com
      takers@mcoffmanlegal.com

*Attorneys for Named Plaintiff, Current Opt-In Plaintiffs, those similarly situated, and the Kentucky Rule 23 Class.*

---

[6] *Pro Hac Vice application to be filed