IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| JOSHUA ISAACS, On Behalf of Himself and All Others Similarly Situated, ) ) ) Plaintiff, ) ) v. ) ) LANDMARK RECOVERY OF ) LOUISVILLE, LLC, ) ) Defendant. ) | Case No. 3:23-cv-00210 Judge Aleta A. Trauger |

**MEMORANDUM and ORDER**

Before the court is defendant Landmark Recovery of Louisville, LLC's Motion for Certification of Interlocutory Appeal (Doc. No. 71),[1] which the plaintiff, Joshua Isaacs, opposes (Doc. No. 77). For the reasons set forth herein, the motion will be denied.

**I.  BACKGROUND**

Isaacs filed his Collective and Class Action Complaint (Doc. No. 1) on March 9, 2023, asserting, as relevant here, a claim for violation of the overtime wage provision of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207, on behalf of himself and other similarly situated current and former hourly employees of defendant Landmark at any time within the three years prior to the filing of the Complaint. The plaintiff alleges that he was employed by the defendant as an

---

[1] The same motion also encompassed a motion to stay proceedings pending the outcome of the request for interlocutory appeal and, if that request is approved, the appeal itself. (*See* Doc. No. 71.) The plaintiff did not oppose that portion of the motion, and the court has already entered an Order staying all deadlines pending disposition of the Motion for Certification of Interlocutory Appeal and tolling the statute of limitations for potential plaintiffs to join this case from October 2, 2023 through the adjudication of the Motion for Certification of Interlocutory Appeal and any possible appeal. (Doc. No. 74.)

hourly, non-exempt employee, meaning that, under the FLSA, he was entitled to overtime pay for any hours over 40 worked in a particular week. (Compl. ¶ 6.) He alleges that he worked more than 40 hours per week in one or more workweeks and that he was a "direct care employee, " a term the Complaint defines as "including but not limited to Patient Engagement Specialists, Licensed Practical Nurses, therapists, therapist assistants, medical assistants, and aides." (*Id.* ¶ 6 & n.3.)

During Isaacs' employment, Landmark allegedly required each hourly, direct care employee to take a 30-minute meal break, and it had a policy pursuant to which it automatically deducted 30 minutes per shift from Isaacs' and similarly situated employees' times. However, Isaacs alleges that he "and similarly situated employees" were often "unable to take a full 30-minute meal break and had their meal breaks interrupted or otherwise shortened by having to perform substantive work duties." (Id. ¶ 7.) As a result, according to Isaacs, Landmark's meal policy resulted in his and other similarly situated employees' not being "fully and properly paid for all of their hours worked in violation of the FLSA." (Id.) He alleges that Landmark "suffered or permitted" Isaacs, the opt-in plaintiffs, and other similarly situated "direct care employees" to perform work during their meal breaks, even though it "still deducted such time from employees' work hours," and that it "applied or caused to be applied substantially the same employment policies, practices, and procedures to all direct care employees at all of [Landmark's] locations," including policies "relating to the payment and calculation of wages as well as overtime, meal break deductions, and timekeeping." (Id. ¶¶ 22, 25.)

Shortly after filing the Complaint, Isaacs filed his Motion for Conditional Class Certification and for the Issuance of Court-Supervised Notice (Doc. No. 20), which did not actually seek certification of a class under Federal Rule of Civil Procedure 23 but, instead, the court's "conditional certification" of a collective action under the FLSA and authorization for court-facilitated notice to potential plaintiffs of the collective action. (*See* Doc. Nos. 20, 21.) The court denied in part and granted in part this motion. Specifically, the court denied the motion, insofar as

it sought "conditional certification" of the collective action, a term that, pursuant to the Sixth Circuit's decision in *Clark v. A&L Homecare & Training Center, LLC*, 68 F.4th 1003 (6th Cir. May 19, 2023), no longer has a place in FLSA actions in this circuit. The court granted the motion, to the extent it sought authorization for court-facilitated notice to potential plaintiffs who might join this FLSA action as similarly situated individuals.

In provisionally granting court-authorized notice, the court found that the plaintiff had not established that the defendant's policy of an automatic meal deduction is a *per se* violation of the FLSA but that he had satisfied the new standard set forth in *Clark* by establishing a "strong likelihood" of the existence of other similarly situated hourly, non-exempt employees who were not fully compensated for automatically deducted time for meal breaks and suffered from Landmark's failure to adequately train employees as to what constitutes a bona fide meal break for which they were entitled to request compensation in the first place, in violation of the FLSA. (Doc. No. 67, at 25.) At the same time, however, the court denied the plaintiff's request for approval of his Proposed Notice form and directed the parties to resubmit a proposed Notice by or before October 2, 2023, in accordance with the other parameters set forth by the court. (*See* Doc. Nos. 67 (Memorandum) and 68 (Order).)

On October 2, 2023, the defendant instead filed its Motion for Certification of Interlocutory Appeal and supporting Memorandum. (Doc. Nos. 71, 72.) It seeks certification of four issues for interlocutory appeal:

- Issue One: What does it mean for evidence to rise beyond a "question of fact" (as necessary to survive summary judgment) but not reach a "preponderance of evidence" (as necessary to prevail at trial)?

- Issue Two: Do "questions of fact" leading to an "inference" meet Clark's burden?

- Issue Three: Is "inadequate training" even a type of evidence that can support the issuance of notice and, if so, what is the requisite level of proof required to issue notice based upon such evidence?

- Issue Four: Can evidence of a lack of training at some locations result in nationwide notice, when there are many locations for which plaintiff has provided no proof on training or a lack thereof?

(Doc. No. 71, at 1–2.)

The defendant argues, in essence, that the Sixth Circuit's recent ruling in *Clark* has engendered more confusion than it settled regarding the standard that should be applied to motions for court-approved notice to potential opt-in plaintiffs in FLSA collective actions, that the district courts applying *Clark* in factual contexts similar to this one have reached different conclusions as to whether to grant motions for court-authorized notice, and that all of the factors governing whether an interlocutory appeal is appropriate weigh in favor of certifying this case for interlocutory appeal. The plaintiff argues in response that the relevant factors do not weigh in favor of an interlocutory appeal, that *Clark* did nothing to upset the inherent authority granted to district courts to exercise their discretion in deciding whether to grant court-authorized notice in FLSA actions, and that the order denying court-authorized notice in the case on which the defendant relies as reaching the opposite conclusion as this court has now been superseded by an order granting court-authorized notice. (Doc. No. 77 (citing *Durbin v. Founds. Health Sols., LLC*, No. 1:22-cv-1719, 2023 WL 6850440, at *1 (N.D. Ohio Oct. 17, 2023)).)

## II.     STANDARD OF REVIEW

Except under narrow, statutorily defined circumstances, a litigant has no immediate right to appeal an interlocutory district court order. *See* 28 U.S.C. §§ 1291 (permitting appellate review of "final decisions"), 1292(a) (describing circumstances in which appeal of interlocutory decisions is permitted). However, if the district judge issuing an otherwise non-appealable interlocutory order is "of the opinion that such order [1] involves a controlling question of law [2] as to which

there is substantial ground for difference of opinion and [3] that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order." *Id.* § 1292(b). If a district judge makes all three of these findings and issues an order "certifying" the interlocutory order for immediate appeal, then the appellate court may exercise its discretion to review the issue. *Id.*; *In re Somberg*, 31 F.4th 1006, 1008 (6th Cir. 2022). "Review under § 1292(b) is granted sparingly and only in exceptional cases." *In re City of Memphis*, 293 F.3d 345, 350 (6th Cir. 2002) (citation omitted).

A "controlling question of law" is a legal issue the resolution of which could materially affect the outcome of the case. *Id.* However, matters within the discretion of the trial court are not generally considered to be legal questions "of the type envisioned in § 1292(b)." *Id.* And an interlocutory appeal may be considered to "materially advance" the litigation where, "absent review, potentially unnecessary 'protracted and expensive litigation' will ensue." *In re Somberg*, 31 F4th at 1008 (quoting *Little v. Louisville Gas & Elec. Co.*, 805 F.3d 695, 699 (6th Cir. 2015)).

**III.    DISCUSSION**

In the present case, the defendant has not identified a controlling question of law. Rather, the Sixth Circuit has recently resolved the relevant question of law regarding the standard to be applied to motions for court-authorized notice to potential plaintiffs in FLSA collective actions. In *Clark*, the district court granted "conditional certification" and approved notice to employees who had worked for the defendant within two years of the notice. At the same time, however, it observed that the Sixth Circuit had never articulated the appropriate legal standard to be applied to motions for "conditional certification" and court-authorized notice. *Id.* The district court therefore certified its order for interlocutory review under 28 U.S.C. § 1292(b), and the Sixth Circuit granted review in order to address that issue. *See Clark*, 68 F.4th at 1009 ("The principal

question here is one of law."). This case, to the contrary, involves an *application* of the question of law already resolved by *Clark*.

Moreover, this court's application of that law to decide whether to send notice of an FLSA suit to other employees involves an exercise of the court's discretion, subject to review only for abuse of discretion, as *Clark* reconfirmed. *Clark*, 68 F.4th at 1008; *see also Comer v. Wal-Mart Stores, Inc.*, 454 F.3d 544, 546 (6th Cir. 2006) ("The district court may use its discretion to authorize notification of similarly situated employees to allow them to opt into the lawsuit."). Generally, as set forth above, matters within the district court's discretion are not legal questions "of the type envisioned in § 1292(b)." *City of Memphis*, 293 F.3d at 350.

The conclusion that the order authorizing notice to potential opt-in plaintiffs does not present a controlling question of law is further reinforced by the fact that, as the Sixth Circuit has repeatedly recognized, this type of order is inherently conditional, as it "does not even purport to resolve conclusively the issue it addresses—whether employees are 'similarly situated' to the named plaintiff." *Taylor v. Pilot Corp.*, 697 F. App'x 854, 858 (6th Cir. 2017) (citing *Comer v. Wal-Mart Stores, Inc.*, 454 F.3d at 549. Notably, *Clark* did not entirely dispense with the two-tiered nature of the decision to allow notice to potential opt-in plaintiffs in a collective action. *Accord McElwee v. Bryan Cowdery, Inc.*, No. 2:21-CV-1265, 2023 WL 4423880, at *11 (S.D. Ohio July 10, 2023) ("Although there is no 'certification,' the Sixth Circuit retained a two-step process for issuing notice and allowing FLSA claims to proceed as a collective action."). Thus, although this court has authorized notice to potential plaintiffs, it will still be called upon, at a later stage, to conclusively determine whether the named plaintiff is "in fact similarly situated" to the opt-in plaintiffs. *See Clark*, 68 F.4th at 1009–10. It is only after that conclusive determination that

the opt-ins become actual parties to the suit and are permitted to proceed to trial collectively. *Id.* at 1009 (citing 29 U.S.C. § 216(b) and *Canaday v. Anthem Cos.*, 9 F.4th 392, 403 (6th Cir. 2021)).

For these reasons, many courts considering the question have concluded that a decision authorizing court-authorized notice in an FLSA case is not a question of law, much less a controlling question of law. *See, e.g.*, *Villarreal v. Caremark LLC*, 85 F. Supp. 3d 1063, 1071 (D. Ariz. 2015) (agreeing "with the weight of authority" that initial FLSA orders authorizing notice and conditionally "certifying" a collective action "do not involve controlling questions of law" and "are not appealable under 28 U.S.C. § 1292(b)").

In sum, the court finds that the Order from which the defendant seeks certification of an interlocutory appeal involved this court's exercise of its discretion in applying the standard recently articulated by the Sixth Circuit in *Clark*, rather than a controlling issue of law. Having reached that conclusion, the court does not reach the other criteria relevant to the determination of whether to certify the Order for appeal under § 1292(b).

## IV. CONCLUSION AND ORDER

The defendant's Motion for Certification of Interlocutory Appeal (Doc. No. 71) is **DENIED**. The stay entered in the court's previous Order (Doc. No. 74) is hereby **LIFTED**. The previous deadline of October 2, 2023 for the parties to submit a revised proposed Notice, set forth in the Order entered on September 18, 2023 (Doc. No. 68), is **RESET** to **November 10, 2023**.

It is so **ORDERED**.

ALETA A. TRAUGER
United States District Judge