UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| **JOSHUA ISAACS**, on behalf of himself and others similarly situated, | **CASE NO. 3:23-CV-00210** |
| Plaintiff, | **JUDGE ALETA A. TRAUGER** |
| v. | |
| **LANDMARK RECOVERY OF LOUISVILLE, LLC**, *et al.*, | |
| Defendants. | |

| | |
|---|---|
| **JAMES BLACK**, on behalf of himself and others similarly situated, | **CASE NO. 3:23-CV-00217** |
| Plaintiff, | |
| v. | |
| **LANDMARK RECOVERY OF LOUISVILLE, LLC**, *et al.*, | |
| Defendants. | |

| | |
|---|---|
| **MARANDA HALE**, on behalf of herself and others similarly situated, | **CASE NO. 3:25-CV-00312** |
| Plaintiff, | |
| v. | |
| **LANDMARK RECOVERY OF LOUISVILLE, LLC**, *et al.*, | |
| Defendants. | |

**MEMORANDUM OF LAW IN SUPPORT OF JOINT MOTION FOR APPROVAL OF FLSA COLLECTIVE ACTION SETTLEMENTAND JOINT MOTION FOR DISMISSAL WITHOUT PREJUDICE OF PLAINTIFFS' RULE 23 CLASS ACTION CLAIMS**

1

Named Plaintiffs Joshua Isaacs, James Black, and Maranda Hale ("Named Plaintiffs"), and Defendants Landmark Recovery of Louisville, LLC, Landmark Recovery of Ohio, LLC, Matt Boyle, Clifford F. Boyle, and A.J. Henry (collectively "Defendants") submit this brief in support of their Joint Motion for Approval of FLSA Collective Action Settlement and Joint Motion for Dismissal Without Prejudice of their Rule 23 Class Action Claim.

I. **SUMMARY OF CASE AND PROPOSED SETTLEMENT AGREEMENT**

The Agreement resolves claims in three separate actions against Defendants for two separate violations of the Fair Labor Standards Act ("FLSA"). Named Plaintiff Hale filed the first of these cases on November 7, 2022, in the United States District Court for the Northern District of Ohio alleging unpaid overtime violations of the FLSA due to Defendants' automatic meal break deduction policy. Decl. of David W. Garrison, attached as **Exhibit 1**, ¶ 3; Decl. of Matthew J.P. Coffman, attached as **Exhibit 1**, ¶ 10. After Defendants raised a personal jurisdiction defense in the *Hale* matter, Named Plaintiff Isaacs filed the second case on March 9, 2023, in the United States District Court for the Middle District of Tennessee, alleging the same violation. Garrison Decl., ¶ 3, Coffman Decl., ¶ 11. Lastly, Named Plaintiff James Black filed a separate case against Defendants on March 10, 2023, in the United States District Court for the Middle District of Tennessee alleging that he and other Intake Patient Engagement Specialists of Defendants were misclassified as exempt from the FLSA's overtime requirements. Garrison Decl., ¶ 3, Coffman Decl., ¶ 12. Defendants deny these allegations and maintain that they have properly compensated all employees at all relevant times. Garrison Decl., ¶ 3.

Notice was issued in all three cases: by joint stipulation in *Black* and by Court order in *Hale* and *Isaacs*. In addition to Named Plaintiffs, approximately 521 opt-in plaintiffs joined the

2

*Isaacs* Action, 96 opt-in plaintiffs joined the *Hale* Action, and 36 opt-in plaintiffs joined the *Black* Action (collectively, Opt-In Plaintiffs and Named Plaintiffs referred to as ("Plaintiffs")). Garrison Decl., ¶ 4, Coffman Decl., ¶¶ 14–15.

Written discovery was exchanged, Defendants produced substantial data and documents for all three cases, and Plaintiffs' counsel engaged a consultant to assist them in analyzing these documents to compute damages for settlement discussions prior to the Parties attending mediation. On February 25, 2025, the Parties mediated this issue with a well-respected mediator, Allen Blair of Memphis, Tennessee. Garrison Decl., ¶ 5, Coffman Decl., ¶¶ 16–17. The Parties were successful at reaching a negotiated settlement for all three cases during mediation. *Id.*

After mediation, the Parties jointly moved to have all three cases transferred (in the case of *Hale*) and consolidated with *Isaacs* for settlement purposes. Garrison Decl., ¶ 5. The Parties' Settlement Agreement, attached to their Joint Motion as Exhibit 1, includes the following salient provisions:

1. Payments totaling $328,157.71 to Named and Opt-in Plaintiffs, inclusive of unpaid overtime wages allegedly owed to them under the FLSA (one-half designated as wages and one-half designated as liquidated damages) and service payments to Named Plaintiffs Hale, Isaacs, and Black of $5,000.00 each for their service as Named Plaintiffs in this action;

2. Payment to Plaintiffs' counsel of $379,334.29 for their fees and advanced costs and expenses incurred in the litigation of this matter at an amount below the actual fees and expenses incurred by Plaintiffs; and

3. Plaintiffs release their FLSA overtime claims related to the facts of this case.

## II. THE PARTIES' SETTLEMENT IS FAIR AND REASONABLE AND SHOULD BE APPROVED

Courts review settlements under the FLSA to ensure they are fair and reasonable. *Steele v. Staffmark Investments, LLC*, 172 F. Supp. 3d 1024, 1028 (W.D. Tenn. 2016); *Nutting v. Unilever*

3

*Mfg. (U.S.) Inc.*, No. 2:14-CV-02239-JPM, 2014 WL 2959481, at *3 (W.D. Tenn. June 13, 2014); *Lynn's Food Stores, Inc. v. U.S.*, 679 F.2d 1350, 1353 (11th Cir. 1982); *Rampersad v. Certified Installation LLC*, No. 1:12-cv-00032, 2012 WL 5906878, at *1 (E.D. Tenn. Nov. 26, 2012). The standard for approval of an FLSA settlement is lower than for a Rule 23 settlement because an FLSA settlement does not implicate the same due process concerns as does a Rule 23 settlement. *Massiah v. Metroplus Health Plan, Inc.*, No. 11-cv-5669, 2012 WL 5874655, at *5 (E.D.N.Y. Nov. 20, 2012); *Trauth v. Spearmint Rhino Cos. Worldwide*, No. 09-cv-1316, 2012 WL 4755682, at *5 (C.D. Cal. Oct. 5, 2012); *cf. O'Brien v. Ed Donnelly Enters., Inc.*, 575 F.3d 567, 584 (6th Cir. 2009) (standards for certification of an FLSA collective action are less stringent than under Rule 23). This is because, unlike in a Rule 23 class action, there are no absent class members in a 216(b) collective action.[1] Rather, in a 216(b) collective action like this one, each Opt-In Plaintiff has affirmatively consented to join the case as a plaintiff and agreed to be bound by any judgment or settlement reached by the Named Plaintiffs and their counsel.

An FLSA settlement need only reflect a reasonable compromise of contested litigation involving a *bona fide* dispute between the parties. *Crawford v. Lexington- Fayette Urban Cty. Gov't*, No. Civ. A. 06-299-JBC, 2008 WL 4724499, at *2 (E.D. Ky. Oct. 23, 2008) (citations omitted); *Bartlow v. Grand Crowne Resorts of Pigeon Forge*, No. 3:11-cv-400, 2012 WL 6707008, at *1 (E.D. Tenn. Dec. 26, 2012); *Rampersad*, 2012 WL 5906878, at *1; *Kritzer v. Safelite Solutions, LLC*, No. 2:10-cv-0729, 2012 WL 1945144, at *5 (S.D. Ohio May 30, 2012).

### A. The proposed settlement represents a fair and reasonable compromise of Plaintiffs' claims.

---

[1] While the *Isaacs* Action did allege a Rule 23 claim under Kentucky's Wage and Hour Act, Named Plaintiff Isaacs did not move for certification of that claim, and it is being dismissed without prejudice as part of the Settlement.

4

The proposed settlement represents a fair and reasonable compromise of Plaintiffs' claims. The Parties have several *bona fide* disputes over the issues in this litigation, including, but not limited to: (1) whether Defendants are liable for any overtime damages under the FLSA; (2) whether Plaintiffs are entitled to a full three-year recovery period for willful violations; (3) whether Plaintiffs can recover liquidated damages; and (4) whether the cases would proceed collectively after the second final determination stage. With these issues in mind, the parties engaged in discovery focused on the necessary exchange of information to allow each side to assess the strengths and weaknesses of Plaintiffs' claims and Defendants' defenses. In light of the considerable risk, cost, and uncertainty of continued litigation, the Parties submit that their Settlement Agreement should be approved by the Court as being fair and reasonable.

Importantly, the formula used by the Plaintiffs' counsel to calculate each Opt-In Plaintiffs' FLSA damages was based on information exchanged during discovery and reflects a data-driven compromise of the disputed factual issues in the case. Recognizing the uncertainties and risks inherent in litigation, Plaintiffs and Defendant ultimately reached a compromise that pays the Named and Opt-In Plaintiffs a total of $328,157.71 and proposed service payments of $5,000.000 to each of the Named Plaintiffs.

The settlement payments are allocated *pro rata* based on the pay and time data provided to Plaintiffs by Defendants, with a $20 minimum recovery allocated to each of the Plaintiffs (as indicated in the Settlement Agreement). Given all of the risks associated with Plaintiffs' claims, including, for example, the Court granting Defendants' dispositive motions, the Court granting the Defendant's motion for a finding that Plaintiffs are not similarly situated, or the high burden of proving that Defendant's violations were willful and/or that Defendant did not act in good faith,

the Parties submit that the settlement represents an excellent outcome and a fair and reasonable resolution of Plaintiffs FLSA claims.

Additionally, the payments allocated in the Settlement Agreement for Named Plaintiffs for their service as named plaintiffs are fair and reasonable. Named Plaintiffs are receiving separate consideration of up to $5,000.00 each as a service payment for their substantial efforts on behalf of the Opt-In Plaintiffs and their assistance to counsel. As previously mentioned, Named Plaintiff's' efforts in this case were substantial. By assuming greater responsibility as Named Plaintiffs, these three individuals provided crucial information regarding the claims in the actions and participated throughout the litigation. Garrison Decl., ¶¶ 9–10, Coffman Decl., ¶ 20. Named Plaintiffs also worked to ensure that others with whom they were in contact who had expressed a desire to join with them in this collective action received the necessary information from Plaintiffs' counsel to join the case. Garrison Decl., ¶¶ 9–10. Named Plaintiffs participated in calls with Plaintiffs' counsel, which resulted in the proposed settlement for the Court to consider. Garrison Decl., ¶¶ 9–10, Coffman Decl., ¶ 20.

Courts routinely approve similar service payments in line with what the Parties' Settlement here would provide for Named Plaintiffs Joshua Isaacs, Maranda Hale, and James Black. *See e.g.*, *Crowell v. M St. Ent., LLC*, No. 3:21-cv-00517 (Order at Doc. No. 314) (M.D. Tenn. Nov. 14, 2023) (Trauger, J.) (approving $15,000 service award for Named Plaintiff in FLSA collective action that alleged tip-credit violations across numerous restaurant locations); *Carr v. Guardian Healthcare Holdings, Inc.*, No. 2:20-CV-6292, 2022 WL 501206, at *8 (S.D. Ohio Jan. 19, 2022) (approving $10,000 service award for Named Plaintiff and Opt-in Plaintiff in FLSA case); *O'Bryant v. ABC Phones of N. Carolina, Inc.*, No. 19-CV-02378-SHM-TMP, 2020 WL 7634780, *16 (W.D. Tenn. Dec. 22, 2020) (preliminarily approving $10,000 service awards for the two

6

FLSA collective action Named Plaintiffs); *Waters v. Pizza to You, L.L.C.*, No. 3:19-CV-372, 2022 WL 3048376, at *7 (S.D. Ohio Aug. 2, 2022) (approving Plaintiff's requested $10,000 incentive award in FLSA case); *Satterly v. Airstream, Inc.*, No. 3:19-CV-107, 2020 WL 6536342, at *9 (S.D. Ohio Sept. 25, 2020) (approving class representative enhancement payments between $10,000 and $15,000 to the FLSA Named Plaintiffs); *Mullins v. S. Ohio Pizza, Inc.*, No. 1:17-CV-426, 2019 WL 275711, at *6 (S.D. Ohio Jan. 18, 2019) (granting $10,000 service award to named plaintiff in FLSA case ); *Brandenburg v. Cousin Vinny's Pizza, LLC*, No. 3:16-CV-516, 2019 WL 6310376 (S.D. Ohio Nov. 25, 2019) (approving Plaintiff's request for a service award of $10,000); *Arledge v. Domino's Pizza, Inc.*, No. 3:16-CV-386-WHR, 2018 WL 5023950, at *6 (S.D. Ohio Oct. 17, 2018) (approving Plaintiff's request for a service award of $10,000); *see also Brent v. Midland Funding, LLC*, 2011 WL 3862363, at *15 (N.D. Ohio Sept. 1, 2011) (finding incentive payments justified).

Named Plaintiffs' substantial efforts, and the outcome achieved as a result of those efforts, justify their service payments.

**B. The proposed settlement provides for a payment of Plaintiffs' attorneys' fees, costs, and expenses that is fair and reasonable.**

The settlement of Plaintiffs' attorneys' fees, costs, and expenses for $379,334.29 represents roughly a 15% reduction of the lodestar accrued in this litigation and the costs and expenses incurred in this litigation. *See* Garrison Decl., ¶¶ 11–14, Coffman Decl., ¶ 21. The FLSA's fee-shifting language provides that a prevailing plaintiff shall recover reasonable attorneys' fees and litigation costs. 29 U.S.C. § 216(b). "Indeed, an 'award of attorneys' fees under the FLSA is mandatory . . . .'" *Thompson v. United Stone, LLC*, No. 1:14-cv-224, 2015 WL 867988, at *2 (E.D. Tenn. Mar. 2, 2015) (citations omitted). "[T]he purpose of the FLSA attorney fees provision is 'to

insure effective access to the judicial process by providing attorney fees for prevailing plaintiffs with wage and hour grievances.'" *Fegley v. Higgins*, 19 F.3d 1126, 1134 (6th Cir. 1994) (quoting *United Slate, Tile & Composition Roofers, Damp and Waterproof Workers Ass'n, Local 307 v. G & M Roofing and Sheet Metal Co.*, 732 F.2d 495, 501 (6th Cir.1984)).

A "reasonable" attorney fee may be derived from the fee applicant's "lodestar," which is the proven number of hours reasonably expended on the case by an attorney, multiplied by his court-ascertained reasonable hourly rate. *Adcock-Ladd v. Sec'y of Treasury*, 227 F.3d 343, 349 (6th Cir. 2000) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983)). Here, Plaintiffs' counsel's actual fees through the date of this filing, based on the number of hours expended multiplied by the attorneys' regular hourly billing rates, are more than $410,000. *See* Garrison Decl., ¶¶ 11–14, Coffman Decl., ¶ 21.

Plaintiffs have also incurred expenses totaling $29,334.29 as of the date of this filing. *See* Garrison Decl., ¶¶ 11–14, Coffman Decl., ¶ 21. Accordingly, the proposed payment of $379,334.29 for attorneys' fees and expenses would therefore "not produce [a] windfall[]" to Plaintiff's counsel and confirms its reasonableness. *Blum v. Stenson*, 465 U.S. 886, 897 (1984) (citations omitted). In fact, it represents a compromise of the fees that Plaintiffs could have expected to recover had this litigation proceeded through trial.

Plaintiffs' counsel's fees are based on hourly rates that are reasonable. Whether an hourly rate is reasonable should be considered in the context of "the prevailing market rates in the relevant community." *Blum v. Stenson*, 465 U.S. 886, 895 (1984); *see also Monroe v. FTS USA, LLC*, No. 2:08-cv-2100, 2014 WL 4472720 at *9 (W.D. Tenn. July 28, 2014) (noting, in the FLSA context, that an attorney's reasonable hourly rate should begin with an assessment of the "prevailing market rate"). The hourly rates billed by each of the attorneys who worked on this case and for whom

8

compensation is sought are reflected in the declaration of the undersigned counsel. *See* Garrison Decl., ¶¶ 11–14, Coffman Decl., ¶ 21. The hourly rates, upon which Plaintiffs' counsel's lodestar is based, are reasonable.

As the Supreme Court has held, "there is a 'strong presumption' that the lodestar figure is reasonable[.]" *Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 554 (2010); *see also Pennsylvania v. Delaware Valley Citizens' Council for Clean Air,* 478 U.S. 546, 565 (1986), *supplemented*, 483 U.S. 711 (1987) ("A strong presumption that the lodestar figure—the product of reasonable hours times a reasonable rate—represents a 'reasonable' fee is wholly consistent with the rationale behind the usual fee-shifting statute . . . ."); *McCutcheon*, 2013 WL 4521016, at *1 (citation omitted) ("[T]here is "a 'strong presumption' that the lodestar 'represents a reasonable fee.'"); *Mathis v. Wayne Cty. Bd. of Educ.*, No. 1:09-cv-0034, 2011 WL 3320966, at *8 (M.D. Tenn. Aug. 2, 2011) (Trauger, J), *aff'd*, 496 F. App'x 513 (6th Cir. 2012) ("If the requested fee is essentially in line with the 'lodestar,' then there is a strong presumption that the requested fee is reasonable and recoverable.") (footnote omitted).

Given the reasonableness of Plaintiffs' counsel's hourly rates and hours expended, the strong presumption that the lodestar represents a reasonable fee confirms the reasonableness of the fee request. Therefore, Plaintiffs' Counsel respectfully submits that the requested fee and expense award, a substantial compromise of their fees incurred in this case, is fair and reasonable and should be approved.

### III. DISMISSAL OF RULE 23 CLAIMS WITHOUT PREJUDICE IS APPROPRIATE.

In addition to moving this Court to approve the Parties' settlement, the Parties also move the Court to permit the voluntary dismissal of Plaintiffs' Rule 23 class claims for violation of

Kentucky state law. Federal Rule of Civil Procedure 23(e) governs the dismissal of class actions. Rule 23(e) provides that "[t]he claims, issues, or defenses of a *certified class*—or a class *proposed to be certified for the purposes of settlement*—may be settled, voluntarily dismissed, or compromised only with the court's approval." Fed. R. Civ. P. 23(e) (emphasis added). Here, there is no certified class or class proposed to be certified for purposes of settlement, nor have Plaintiffs sought certification of a Rule 23 class. Thus, by its terms Rule 23(e) does not apply.

Nevertheless, in the Sixth Circuit, courts considering such a dismissal prior to class certification examine whether putative class members are likely to be prejudiced by the settlement before permitting the dismissal without prejudice, considering "such factors as the presence of collusion or bad faith, the existence of any reliance interest by the absent putative class members, the costs involved, and any other relevant factors. *G.D. by & Through S.D. v. Lumpkin*, No. 2:05-CV-980, 2011 WL 13305343, at *1 (S.D. Ohio Jan. 7, 2011) (citing D*oe v. Lexington-Fayette Urban County Gov't*, 407 F.3d 755, 763 (6th Cir. 2005); *Griffith v. Javitch*, 241 F.R.D. 600, 602 (S.D. Ohio 2007)).

Here, the facts support granting dismissal without prejudice. First, this settlement is not the result of any bad faith or collusion. On the contrary, as the analysis above shows, it is based on an analysis of the pay records of the Plaintiffs in this action (as well as those who have not yet joined but will be given an opportunity to do so) and a mediation with a seasoned mediator. Second, there is no evidence to suggest that putative collective members have reasonably relied on this litigation. On the contrary, there is no evidence of any publicity this action has received. Third, there is no prejudice because the settlement does not bind putative absent collective members (as there has been no certification) and its pendency has tolled the running of the statute of limitations on their claims. *Lumpkin*, 2011 WL 13305343, at *1 (no prejudice because settlement on behalf of party

plaintiffs "does not bind putative class members" and putative class members may file claims and get benefit of tolling) (citation omitted).

For these reasons, the Court should grant the Parties' motion to dismiss the Rule 23 class allegations without prejudice.

## IV. CONCLUSION

For the reasons stated above, the Parties submit that the Court should approve all aspects of the Settlement Agreement as fair and reasonable. The Court should also dismiss Plaintiffs' Rule 23 class action claims, without prejudice, in accordance with Rule 23(e). The Court should therefore, enter the proposed order attached to their Motion granting this relief.

Dated: May 21, 2025

Respectfully Submitted,

*/s/ Matthew J.P. Coffman*
Matthew J.P. Coffman

**COFFMAN LEGAL, LLC**
Matthew J.P. Coffman (OH Bar No. 0085586)
(admitted *pro hac vice*)
Tristan T. Akers (OH Bar No. 0102298)
(admitted *pro hac vice*)
1550 Old Henderson Rd
Suite #126
Columbus, Ohio 43220
Phone: 614-949-1181
Fax: 614-386-9964
Email: mcoffman@mcoffmanlegal.com
　　　　khendren@mcoffmanlegal.com
　　　　takers@mcoffmanlegal.com

**BARRETT JOHNSTON MARTIN & GARRISON, PLLC**
David W. Garrison (TN Bar No. 24968)
Joshua A. Frank (TN Bar No. 33294)
Nicole A. Chanin (TN Bar No. 40239)
Philips Plaza
414 Union Street, Suite 900

Nashville, TN 37219
Phone: 615-244-2202
Fax: 615-252-3798
Email: dgarrison@barrettjohnston.com
jfrank@barrettjohnston.com
nchanin@barrettjohnston.com

*Attorneys for Named Plaintiffs and those similarly situated.*

*/s/ Rebecca W. Demaree*
**REBECCA W. DEMAREE**
**VICTORIA L. ROHLOFF**
**JASON K. MURRIE**
CORNELIUS & COLLINS, LLP
211 Athens Way, Suite 200
Nashville, TN 37228
Telephone: (615) 244-1440
rwdemaree@cclawtn.com
vlrohloff@cclawtn.com
jkmurrie@cclawtm.com

*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

      I hereby certify that a copy of this *Joint Motion for Approval of FLSA Collective Action Settlement and Dismissal with Prejudice* was filed electronically with the Clerk's office by using the CM/ECF system on May 21, 2025. Defendants' counsel was served with this filing by operation of the Court's CM/ECF system as indicated below:

**REBECCA W. DEMAREE**
**VICTORIA L. ROHLOFF**
**JASON K. MURRIE**
CORNELIUS & COLLINS, LLP
211 Athens Way, Suite 200
Nashville, TN 37228
Telephone: (615) 244-1440
rwdemaree@cclawtn.com
vlrohloff@cclawtn.com
jkmurrie@cclawtm.com

*Attorneys for Defendants*

                        */s/ Matthew J.P. Coffman*
                        Matthew J.P. Coffman